UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEFFANY POWELL COKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN )<br>CORPORATION, )<br>)<br>Defendant. ) | Case No. 2:18-cv-1364-GMB |

# **MEMORANDUM OPINION AND ORDER**

Before the court is the Motion for Summary Judgment (Doc. 34) filed by the only remaining defendant in this case, Norfolk Southern Corporation ("Norfolk Southern"). In response, Plaintiff Steffany Powell Coker filed a statement of non-opposition, in which she concedes that the Motion for Summary Judgment is due to be granted and that Norfolk Southern Corporation should be dismissed from this action. Doc. 59 at 2.

The mere fact that a motion for summary judgment is unopposed does not relieve the court of its obligation to consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not conduct a *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion is supported by evidentiary materials and review all of the

evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101–02. Accordingly, the court has reviewed Norfolk Southern's evidentiary materials in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant meets this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24.

In the instant case, Norfolk Southern has met this burden. It has articulated several bases for summary judgment on Coker's claims, supporting its motion with sworn declarations; evidence that a previous defendant, Norfolk Southern Railway Company, is a 100% wholly-owned subsidiary of Norfolk Southern; and legal points of authority.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

By filing a statement of non-opposition to the motion for summary judgment, Coker has failed to meet her burden under Rule 56. Further, the court has reviewed the evidentiary materials submitted by Norfolk Southern and the entire record. The court finds no question of fact as to any material issue raised by Norfolk Southern as a ground for summary judgment. Summary judgment is appropriate as to Coker's claims against Norfolk Southern.

Accordingly, it is ORDERED that the Motion for Summary Judgment (Doc. 34) is GRANTED.

A final judgment will be entered separately.

DONE and ORDERED on September 26, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE